## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **COLUMBIA MUTUAL INSURANCE COMPANY as Subrogee of SPARKLING CLEAN CARWASH,** *Plaintiff,* | § § § § § | |
| **V.** | § § § § | **Civil Action No.** 1:18-CV-273 |
| **JESSE GALVAN** *Defendant.* | § § | |

### NOTICE OF REMOVAL

Defendant **JESSE GALVAN** ("Defendant") files this Notice of Removal of the above-styled action pursuant to 28 U.S.C. § 1446(a) and would respectfully represent and show unto this Court the following:

### A. Introduction

1.　　Pursuant to Local Rule CV-3, Defendant files his Civil Cover Sheet. *See* Exhibit A.

2.　　On or about February 23, 2018, Plaintiff initiated a state court lawsuit against Defendant in the 21st Judicial District Court of Bastrop County, Texas, styled, *Columbia Mutual Insurance Company as Subrogee of Sparkling Clean Carwash v. Jesse Galvan*, pending as Cause No. 717-21 ("the state court action"). In the state court action, Plaintiff seeks actual damages stemming from a May 7, 2017 incident involving Defendant. Further, Plaintiff seeks damages in an amount greater than $100,000 but not greater than $500,000 for property damage and lost profits. *See* Exhibit B, *Plaintiff's Original Petition and Citation.*

3.    The attorneys involved in the action being removed are listed as follows:

| **Party and Party Type** | **Attorney(s)** |
| --- | --- |
| Columbia Mutual Insurance Company as Subrogee of Sparkling Clean Carwash<br>*Plaintiff* | DAN C. KELLEY<br>Texas Bar No. 11199650<br>HOFFMAN, KELLEY, & LOPEZ LLP<br>4818 E. Ben White Boulevard, Suite 104<br>Austin, TX 78741<br>Tel: 512-326-2522<br>Fax: 512-326-2540<br>dan@hklfirm.com |
| Jesse Galvan<br>*Defendant* | MATT MONTGOMERY<br>Texas Bar No. 24041509<br>KRISTI E. WOOD<br>Texas Bar No. 24076784<br>WALTERS, BALIDO, & CRAIN LLP<br>Great Hills Corporate Center<br>9020 North Capital of Texas Highway<br>Building II, Suite 225<br>Austin, Texas 78759<br>(512) 472-9000 Phone<br>(512) 472-9002 Fax<br>MontgomeryVFax@wbclawfirm.com |

4.    The name and address of the court from which the case is being removed is as follows:

The Honorable Carson Campbell
21st Judicial District Court
804 Pecan Street
Bastrop, TX 78602

## B.  Notice of Removal Timely

5.    Defendant **JESSE GALVAN** was served with process and a copy of Plaintiff's Original Petition on February 28, 2018. *See* Exhibit B. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is filed within thirty (30) days after receipt by Defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which the action or proceeding is based. Consequently, this Notice of Removal is timely.

### C. Grounds for Removal: Complete Diversity

6.      Pursuant to the state court action, Plaintiff **COLUMBIA MUTUAL INSURANCE COMPANY as Subrogee of SPARKLING CLEAN CARWASH** was and is a company organized under the laws of the state of Missouri and maintains its principal place of business in Missouri. Accordingly, **COLUMBIA MUTUAL INSURANCE COMPANY as Subrogee of SPARKLING CLEAN CARWASH** is a citizen of the State of Missouri and was a citizen of Missouri at the time this action was filed. Plaintiff admits **COLUMBIA MUTUAL INSURANCE COMPANY as Subrogee of SPARKLING CLEAN CARWASH** is a citizen of Missouri. *See* Exhibit B, section II.

7.      Defendant **JESSE GALVAN** is now, and was at all times relevant hereto, a citizen of the state of Texas.

8.      In light of the foregoing, the parties are of completely diverse citizenship. *See* 28 U.S.C. §§ 1332(a), 1441(c).

9.      Plaintiff's Original Petition alleges actual damages and seeks monetary relief of up to $500,000. Exhibit B at section III.  Plaintiff seeks damages for property damage and lost profits. *See* Exhibit B at section VI.

10.      A court can determine that removal is proper from a plaintiff's pleadings if plaintiff's claims are those that are likely to exceed the jurisdictional amount. *See Allen v. R&H Oil & Gas., Co*, 63 F.3d 1326, 1335 (5th Cir. 1995); *De Aguilar v. Boeing Co.*, 11 F.3d 55, 57 (5th Cir. 1993). Only "expenses and costs" are excluded from the calculation of the matter in controversy. 28 U.S.C. § 1332(a).

11.     Plaintiff specifically stated in its Original Petition that it seeks monetary relief of over $100,000 but not more than $500,000. *See* Exhibit B at section III. Therefore, the amount in controversy in this case is likely to exceed the jurisdictional requirements of $75,000. *Id.*

### D.  All Pleadings of State Court Action Attached As Exhibits

12.     Copies of all pleadings, process, orders, and other filings in the state court action, which Counsel for Defendant has been able to obtain, are attached to this notice as required by 28 U.S.C. § 1446(a). *See* Exhibit C, State Court Action Pleadings.

### E.  Basis for Removal

13.     Because this is a civil action of which the District Courts of the United States have original jurisdiction, this case may be removed by this Court pursuant to 28 U.S.C. § 1446(c). Further, because Plaintiff is a citizen of Missouri, Defendant is a citizen of Texas, and the amount in controversy exceeds $75,000, the Court has subject matter jurisdiction based on diversity of citizenship and residency. 28 U.S.C. § 1132. As such, this removal action is proper.

### F.  Venue

14.     Venue is proper in this district under 28 U.S.C. §1441(a) because this district and division embrace the place where the removed action has been pending.

### G.  Filing of Notice with State Court

15.     Promptly after filing this Notice of Removal, Defendant will give written notice of the removal to Plaintiff through its attorney of record and to the clerk of the state court.

### H. Defendant's Demand for Jury Trial

16.     Defendant asserts his rights under the Seventh Amendment to the U.S. Constitution and demands, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues.

## PRAYER

17.    **WHEREFORE, PREMISES CONSIDERED,** Defendant **JESSE GALVAN** request

that this Court proceed with the handling of this cause as if it had been originally filed herein, that

this Court make such orders, if any, and take such action, if any, as may be necessary in connection

with the removal of the state court action to this Court, and that he have such other and further

relief to which he may show himself entitled.

Respectfully submitted,

**WALTERS, BALIDO & CRAIN, L.L.P.**

**MATT MONTGOMERY**
Texas Bar No. 24041509
**KRISTI E. WOOD**
Great Hills Corporate Center
9020 North Capital of Texas Highway
Building II, Suite 225
Austin, Texas 78759
(512) 472-9000 Phone
(512) 472-9002 Fax
MontgomeryVFax@wbclawfirm.com

## <u>CERTIFICATE OF SERVICE</u>

      This is to certify that on the _____ day of March, 2018 a true and correct copy of the above and foregoing was forwarded to all counsel of record in accordance with the Federal Rules of Civil Procedure.

          DAN C. KELLEY
          Texas Bar No. 11199650
          HOFFMAN, KELLEY, & LOPEZ LLP
          4818 E. Ben White Boulevard, Suite 104
          Austin, TX 78741
          Tel: 512-326-2522
          Fax: 512-326-2540
          dan@hklfirm.com

          _____
          **MATT MONTGOMERY**
          **KRISTI E. WOO**

# EXHIBIT A

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Columbia Mutual Insurance Company as Subrogee of Sparkling Clean Carwash. | Galvan, Jesse |

| (b) County of Residence of First Listed Plaintiff **Boone County, Missouri** | County of Residence of First Listed Defendant **Bastrop County, Texas** |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)*<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |

| (c) Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |
|---|---|
| Hoffman, Kelley, & Lopez LLP    4818 E Ben White Blvd, Ste. 104<br>Tel: (512) 326-2522                        Austin, TX 78741 | Walters, Balido, & Crain LLP    9020 N Capital of Texas Hwy, Ste. 225<br>Tel: (512) 472-9000                      Austin, TX 78759 |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☐ 3 Federal Question *(U.S. Government Not a Party)*

☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury - Product Liability<br>☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☒ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 835 Patent - Abbreviated New Drug Application<br>☐ 840 Trademark | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC 3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Management Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement Income Security Act | **SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration<br>☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>☐ 950 Constitutionality of State Statutes |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 448 Education | **Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee - Conditions of Confinement | **IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1 Original Proceeding

☒ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from Another District *(specify)*

☐ 6 Multidistrict Litigation - Transfer

☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. §§ 1332(a), 1441(c).

Brief description of cause:
Suit by Plaintiff to recover for property damage and lost profits stemming from a May 7, 2017 incident.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*

JUDGE                           DOCKET NUMBER

DATE
03/30/2018

SIGNATURE OF ATTORNEY OF RECORD
*Matter T. McCarty*

**FOR OFFICE USE ONLY**

RECEIPT #            AMOUNT            APPLYING IFP            JUDGE            MAG. JUDGE

# EXHIBIT B

FROM: TO:8005318669 02/28/2018 08:36:40 #391 P.002/004

**CITATION**
**CAUSE#717-21**

Monica
2-28-18
7 54 Am

**CLERK OF THE COURT**
Sarah Loucks, District Clerk
P.O. Box 770
804 Pecan Street
Annex Building, First Floor
Bastrop, TX 78602

**THE STATE OF TEXAS**

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

To: Jesse Galvan
223 Jennifer Lane
Bastrop, TX. 78602, Defendant

GREETINGS: You are commanded to appear by filing a written answer to the Petition of Petitioner at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service hereof, before the 21st District Court of Texas, at the courthouse in BASTROP, Texas.

A copy of the Petition of the Petitioner accompanies this citation, in cause number 717-21 styled:

COLUMBIA MUTUAL INSURANCE COMPANY
as subrogee of
SPARKLING CLEAN CARWASH
VS.
JESSE GALVAN

filed in said court on the on this the 23rd day of February, 2018

Petitioner is represented by:

DAN C. KELLEY
4818 E. BEN WHITE BLVD., STE. 104
AUSTIN, TX. 78741

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office in Bastrop, Texas, this the 23rd day of February, 2018

Sarah Loucks
District Clerk, Bastrop County
P.O. Box 770
Bastrop, Texas 78602
By: _____ ,Deputy

( ) IF CHECKED, ATTACHED TO THIS CITATION IS DISCOVERY NOT FILED WITH CLERK PURSUANT TO TRCP 191.4

USAA Confidential

0901119c9e1828bb

Electronically Filed 2/23/2018 11:19 AM
Sarah Loucks, District Clerk
Bastrop County, Texas
By: Sharon Schimank, Deputy

CAUSE NO. 717-21

| | | |
|---|---|---|
| **COLUMBIA MUTUAL INSURANCE** | § | **IN THE DISTRICT COURT** |
| **COMPANY as subrogee of** | § | |
| **SPARKLING CLEAN CARWASH** | § | |
| | § | |
| | § | |
| **VS.** | § | **BASTROP COUNTY, TEXAS** |
| | § | |
| | § | |
| **JESSE GALVAN** | § | **_____JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

      **COMES NOW**, COLUMBIA MUTUAL INSURANCE COMPANY (hereinafter called "COLUMBIA"), Plaintiff, and files this it's *Original Petition* in the above-entitled and numbered cause, complaining of Defendant's JESSE GALVAN for cause of action would respectfully show the Court as follows:

### I. DISCOVERY CONTROL PLAN

      Plaintiff intends to conduct discovery under Level 2 of Texas Rule of Civil Procedure 190.3.

### II. THE PARTIES

      COLUMBIA would show that it is a Missouri insurance company duly licensed and authorized to do business in the State of Texas with its principal place of business in Columbia, Missouri and with its Texas office located in Austin, Texas. COLUMBIA is engaged in the business of writing property and casualty insurance in the State of Texas and that at all times material herein, and in particular on or about May 7, 2017, it provided insurance coverage for SPARKLING CLEAN CARWASH.

Defendant JESSE GALVAN is a resident of Texas who may be served at his residence 223 Jennifer Lane, Bastrop, Texas 78602. Plaintiff requests the Court issue citation and return to Plaintiff's counsel for service by private process server.

## III. JURISDICTION AND VENUE

Plaintiff, at this time, seeks monetary relief in an amount over $100,000 but not more than $500,000 in accordance with Rule 47, Texas Rules of Civil Procedure. Venue is proper in BASTROP County, Texas as it is the county where the property damage complained of occurred and the county of residence for Defendant.

## IV FACTS

COLUMBIA suffered monetary loss because of the property damages caused by Defendant JESSE GALVAN. On May 7, 2017, Defendant JESSE GALVAN was operating a motor vehicle when he arrived at SPARKLING CLEAN CARWASH and apparently sought to have his vehicle washed. Defendant JESSE GALVAN., negligently, without regard to the safety of others, drove into the car wash frame causing the property damage the subject of this lawsuit. SPARKLING CLEAN CARWASH suffered property damage and lost profits due to Defendant's negligent acts and/or omissions and in which COLUMBIA herein complains, said property damages totaling not less than $149,259.83 and lost profits totaling not less than $9,462.60 resulting in total damages of $158,722.43 incurred by SPARKLING CLEAN CARWASH.

## V. CAUSES OF ACTION - NEGLIGENCE

COLUMBIA would show that Defendant JESSE GALVAN at the time of the collision in question, was the owner and driver of the vehicle driven in a negligent manner proximately causing the damages to SPARKLING CLEAN CARWASH and in which Plaintiff herein complains, and Defendant is liable for the damages caused as

provided herein. COLUMBIA alleges Defendant JESSE GALVAN committed and/or omitted the following acts which constitute negligence, including, but not limited to: (1) failing to keep a proper look out while operating the vehicle on the property owned by SPARKLING CLEAN CARWASH; (2) failing to properly and timely apply the vehicle's brakes; (3) failing to maintain an assured safe clear distance between his vehicle and property and equipment owned by SPARKLING CLEAN CARWASH; (4) accelerating the vehicle when he knew and/or should have known that accelerating his vehicle would cause substantial property damage and/or personal and bodily injuries to others; (5) failing to pay proper attention while operating his vehicle on the property owned by SPARKLING CLEAN CARWASH in BASTROP County, Texas; and (6) failing to take safe, evasive action in order to avoid damaging the property owned by SPARKLING CLEAN CARWASH. Each and all of the previously mentioned acts and/or omissions, as well as others, constitute negligence and was a proximate cause of the damage in question and the resulting damages to COLUMBIA. Plaintiff seeks to recover the difference in market value immediately before and immediately after the occurrence in question to the equipment and property, the cost of repairs to the equipment and property, and lost profits all proximately caused by Defendant's negligence.

## VI. DAMAGES

COLUMBIA seeks the damages described herein above incurred by SPARKLING CLEAN CARWASH for damage it received to its property, equipment and lost profits proximately caused by the Defendant's negligence. COLUMBIA further seeks its recovery of attorney's fees and costs incurred in prosecuting this matter.

As a result of the damages to the equipment, property and profits owned by SPARKLING CLEAN CARWASH, SPARKLING CLEAN CARWASH claimed

property damages and lost profits with COLUMBIA and COLUMBIA, in accordance with its legal obligations, made payments to and for the benefit of SPARKLING CLEAN CARWASH. SPARKLING CLEAN CARWASH, incurred property damages totaling not less than $149,259.83 and lost profits totaling not less than $9,462.60 resulting in total damages of $158,722.43 as a direct and proximate result of the negligence of the Defendant regarding the damages which occurred on May 7, 2017, and COLUMBIA, in accordance with its contractual duties, has reimbursed SPARKLING CLEAN CARWASH for its property damages in accordance with said contract. COLUMBIA seeks to recover the difference in market value immediately before and immediately after the occurrence in question to the equipment and property, the cost of repairs to the equipment and property, and lost profits all proximately caused by Defendant's negligence.

## VII. ATTORNEYS FEES

Because of the above-described violations, it was necessary for COLUMBIA to retain attorneys to prosecute this action and COLUMBIA has agreed to pay the retained attorneys a reasonable fee. Accordingly, Plaintiff seeks an award of attorney's fees and costs from Defendant for the reasonable and necessary attorneys' fees and costs incurred by Plaintiff as a direct and proximate result of the Defendant's negligence. See Tex. Ins. Code art. 21.79H.

COLUMBIA further seeks pre-judgment and post-judgment interest on the amount of its subrogated interest at the highest rate allowed by law from the earliest date allowed by law.

## VIII. PRAYER

**WHEREFORE, PREMISES CONSIDERED**, COLUMBIA MUTUAL INSURANCE COMPANY throws itself upon the country and prays that Defendant be cited to appear and to answer herein and that upon final hearing, the Court enter judgment in favor of Plaintiff against Defendant JESSE GALVAN in an amount in excess of the minimum jurisdictional limits of this Court, for compensatory and/or economic damages, costs of court, attorney fees and pre- and post-judgment interest at the highest rate allowed by law, and for such other and further relief, general or special, at law or in equity, to which Plaintiff may show themselves to be justly entitled.

Respectfully submitted,

**HOFFMAN KELLEY, L.L.P.**

By: _____

**DAN C. KELLEY**
State Bar No. 11199650
4818 E. Ben White Blvd., Suite 104
Austin, Texas 78741
512-326-2522
512-326-2540 (telefax)
dan@hklfirm.com

**ATTORNEYS FOR PLAINTIFF
COLUMBIA MUTUAL INSURANCE
COMPANY**

# EXHIBIT C

Electronically Filed 2/23/2018 11:19 AM
Sarah Loucks, District Clerk
Bastrop County, Texas
By: Sharon Schimank, Deputy

CAUSE NO. 717-21

| | | |
|---|---|---|
| COLUMBIA MUTUAL INSURANCE | § | IN THE DISTRICT COURT |
| COMPANY as subrogee of | § | |
| SPARKLING CLEAN CARWASH | § | |
| | § | |
| | § | |
| VS. | § | BASTROP COUNTY, TEXAS |
| | § | |
| | § | |
| JESSE GALVAN | § | _____JUDICIAL DISTRICT |

### PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, COLUMBIA MUTUAL INSURANCE COMPANY (hereinafter called "COLUMBIA"), Plaintiff, and files this it's *Original Petition* in the above-entitled and numbered cause, complaining of Defendant's JESSE GALVAN for cause of action would respectfully show the Court as follows:

### I. DISCOVERY CONTROL PLAN

Plaintiff intends to conduct discovery under Level 2 of Texas Rule of Civil Procedure 190.3.

### II. THE PARTIES

COLUMBIA would show that it is a Missouri insurance company duly licensed and authorized to do business in the State of Texas with its principal place of business in Columbia, Missouri and with its Texas office located in Austin, Texas. COLUMBIA is engaged in the business of writing property and casualty insurance in the State of Texas and that at all times material herein, and in particular on or about May 7, 2017, it provided insurance coverage for SPARKLING CLEAN CARWASH.

Defendant JESSE GALVAN is a resident of Texas who may be served at his residence 223 Jennifer Lane, Bastrop, Texas 78602. Plaintiff requests the Court issue citation and return to Plaintiff's counsel for service by private process server.

### III. JURISDICTION AND VENUE

Plaintiff, at this time, seeks monetary relief in an amount over $100,000 but not more than $500,000 in accordance with Rule 47, Texas Rules of Civil Procedure. Venue is proper in BASTROP County, Texas as it is the county where the property damage complained of occurred and the county of residence for Defendant.

### IV FACTS

COLUMBIA suffered monetary loss because of the property damages caused by Defendant JESSE GALVAN. On May 7, 2017, Defendant JESSE GALVAN was operating a motor vehicle when he arrived at SPARKLING CLEAN CARWASH and apparently sought to have his vehicle washed. Defendant JESSE GALVAN., negligently, without regard to the safety of others, drove into the car wash frame causing the property damage the subject of this lawsuit. SPARKLING CLEAN CARWASH suffered property damage and lost profits due to Defendant's negligent acts and/or omissions and in which COLUMBIA herein complains, said property damages totaling not less than $149,259.83 and lost profits totaling not less than $9,462.60 resulting in total damages of $158,722.43 incurred by SPARKLING CLEAN CARWASH.

### V. CAUSES OF ACTION - NEGLIGENCE

COLUMBIA would show that Defendant JESSE GALVAN at the time of the collision in question, was the owner and driver of the vehicle driven in a negligent manner proximately causing the damages to SPARKLING CLEAN CARWASH and in which Plaintiff herein complains, and Defendant is liable for the damages caused as

provided herein. COLUMBIA alleges Defendant JESSE GALVAN committed and/or omitted the following acts which constitute negligence, including, but not limited to: (1) failing to keep a proper look out while operating the vehicle on the property owned by SPARKLING CLEAN CARWASH; (2) failing to properly and timely apply the vehicle's brakes; (3) failing to maintain an assured safe clear distance between his vehicle and property and equipment owned by SPARKLING CLEAN CARWASH; (4) accelerating the vehicle when he knew and/or should have known that accelerating his vehicle would cause substantial property damage and/or personal and bodily injuries to others; (5) failing to pay proper attention while operating his vehicle on the property owned by SPARKLING CLEAN CARWASH in BASTROP County, Texas; and (6) failing to take safe, evasive action in order to avoid damaging the property owned by SPARKLING CLEAN CARWASH. Each and all of the previously mentioned acts and/or omissions, as well as others, constitute negligence and was a proximate cause of the damage in question and the resulting damages to COLUMBIA. Plaintiff seeks to recover the difference in market value immediately before and immediately after the occurrence in question to the equipment and property, the cost of repairs to the equipment and property, and lost profits all proximately caused by Defendant's negligence.

## VI. DAMAGES

COLUMBIA seeks the damages described herein above incurred by SPARKLING CLEAN CARWASH for damage it received to its property, equipment and lost profits proximately caused by the Defendant's negligence. COLUMBIA further seeks its recovery of attorney's fees and costs incurred in prosecuting this matter.

As a result of the damages to the equipment, property and profits owned by SPARKLING CLEAN CARWASH, SPARKLING CLEAN CARWASH claimed

property damages and lost profits with COLUMBIA and COLUMBIA, in accordance with its legal obligations, made payments to and for the benefit of SPARKLING CLEAN CARWASH. SPARKLING CLEAN CARWASH, incurred property damages totaling not less than $149,259.83 and lost profits totaling not less than $9,462.60 resulting in total damages of $158,722.43 as a direct and proximate result of the negligence of the Defendant regarding the damages which occurred on May 7, 2017, and COLUMBIA, in accordance with its contractual duties, has reimbursed SPARKLING CLEAN CARWASH for its property damages in accordance with said contract. COLUMBIA seeks to recover the difference in market value immediately before and immediately after the occurrence in question to the equipment and property, the cost of repairs to the equipment and property, and lost profits all proximately caused by Defendant's negligence.

## VII. ATTORNEYS FEES

Because of the above-described violations, it was necessary for COLUMBIA to retain attorneys to prosecute this action and COLUMBIA has agreed to pay the retained attorneys a reasonable fee. Accordingly, Plaintiff seeks an award of attorney's fees and costs from Defendant for the reasonable and necessary attorneys' fees and costs incurred by Plaintiff as a direct and proximate result of the Defendant's negligence. See Tex. Ins. Code art. 21.79H.

COLUMBIA further seeks pre-judgment and post-judgment interest on the amount of its subrogated interest at the highest rate allowed by law from the earliest date allowed by law.

## VIII. PRAYER

**WHEREFORE, PREMISES CONSIDERED**, COLUMBIA MUTUAL INSURANCE COMPANY throws itself upon the country and prays that Defendant be cited to appear and to answer herein and that upon final hearing, the Court enter judgment in favor of Plaintiff against Defendant JESSE GALVAN in an amount in excess of the minimum jurisdictional limits of this Court, for compensatory and/or economic damages, costs of court, attorney fees and pre- and post-judgment interest at the highest rate allowed by law, and for such other and further relief, general or special, at law or in equity, to which Plaintiff may show themselves to be justly entitled.

Respectfully submitted,

**HOFFMAN KELLEY, L.L.P.**

By: _____

**DAN C. KELLEY**
State Bar No. 11199650
4818 E. Ben White Blvd., Suite 104
Austin, Texas 78741
512-326-2522
512-326-2540 (telefax)
dan@hklfirm.com

**ATTORNEYS FOR PLAINTIFF
COLUMBIA MUTUAL INSURANCE
COMPANY**

Electronically Filed 3/23/2018 4:28 PM
Sarah Loucks, District Clerk
Bastrop County, Texas
By: Krystyn Johnston, Deputy

## CAUSE NO. 717-21

| | | |
|---|---|---|
| **COLUMBIA MUTUAL INSURANCE COMPANY as Subrogee of SPARKLING CLEAN CARWASH,** *Plaintiff,* | §<br>§<br>§<br>§<br>§ | **IN THE DISTRICT COURT** |
| **V.** | §<br>§ | **21ST JUDICIAL DISTRICT** |
| **JESSE GALVAN,** *Defendant.* | §<br>§ | **BASTROP COUNTY, TEXAS** |

### DEFENDANT'S ORIGINAL ANSWER

COMES NOW, **JESSE GALVAN**, Defendant in the above styled and numbered cause, and file his Original Answer to the Plaintiff's Original Petition, and in support thereof would respectfully represent and show unto the Court the following:

### I.

Defendant denies each and every, all and singular, the material allegations contained in Plaintiff's Original Petition and demands strict proof thereof.

### II.

Defendant demands a trial by jury.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that upon final trial and hearing hereof, that no recovery be had from Defendant, but that Defendant go hence without delay and recover his costs, and for such other and further relief to which Defendant may be justly entitled and will ever pray.

Respectfully submitted,

**WALTERS, BALIDO & CRAIN, L.L.P.**

**MATT MONTGOMERY**
Texas Bar No. 24041509
**KRISTI E. WOOD**
Texas Bar No. 24076784
**ERIN M. GARZA**
Texas Bar No. 24105990
Great Hills Corporate Center
9020 North Capital of Texas Highway
Building II, Suite 225
Austin, Texas 78759
(512) 472-9000 Phone
(512) 472-9002 Fax
MontgomeryVFax@wbclawfirm.com

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been forwarded to all parties of record, in compliance with Rule 21(a) of the Texas Rules of Civil Procedure, on this the 23rd day of March, 2018.

**MATT MONTGOMERY**
**KRISTI E. WOOD**
**ERIN M. GARZA**

CAUSE NO.  717-21

| | | |
|---|---|---|
| **COLUMBIA MUTUAL INSURANCE** | § | **IN THE DISTRICT COURT** |
| **COMPANY as subrogee of** | § | |
| **SPARKLING CLEAN CARWASH** | § | |
| | § | |
| | § | **BASTROP COUNTY, TEXAS** |
| **VS.** | § | |
| | § | |
| | § | |
| **JESSE GALVAN** | § | **21st JUDICIAL DISTRICT** |

## PLAINTIFF'S CERTIFICATE OF WRITTEN DISCOVERY

TO:    Defendant JESSE GALVAN, by and through his attorneys of record, Matt Montgomery, Kristi Wood and Erin Garza, Walters, Balido & Crain, L.L.P., 9020 North Capital of Texas Highway, Building II, Suite 225, Austin, Texas 78759.

I hereby certify that a true copy of the documents listed below have been served upon all parties of record in compliance with Bastrop County Local Rules, and pursuant to the 1997 Amendment to the Rules of Civil Trial Division, as follows:

1.    *Plaintiff Columbia Mutual Insurance Company's First Request for Production to Defendant Jesse Galvan;*

2.    *Plaintiff Columbia Mutual Insurance Company's First Set of Interrogatories to Defendant Jesse Galvan;*

3.    *Plaintiff Columbia Mutual Insurance Company's Request for Disclosure to Defendant Jesse Galvan.*

Respectfully submitted,

**HOFFMAN KELLEY, L.L.P.**

By: _____

**DAN C. KELLEY**
State Bar No. 11199650
4818 E. Ben White Blvd., Suite 104
Austin, Texas 78741
512-326-2522
512-326-2540 (telefax)
dan@hklfirm.com

*Plaintiff's Certificate of Written Discovery*                                                    1

ATTORNEYS FOR PLAINTIFF
COLUMBIA MUTUAL INSURANCE
COMPANY


## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of this instrument was delivered this day to Defendant's attorneys of record, Mr. Matt Montgomery, Walters, Balido & Crain, L.L.P., 9020 North Capital of Texas Highway, Building II, Suite 225, Austin, Texas 78759, e-mail address Matt.Montgomery@wbclawfirm.com via e-mail on this the 29TH day of March 2018.

DAN C. KELLEY